# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MISCELLANEOUS DOCKET NO. 08-10014-MLW

CANDELA CORPORATION, et al.,
Plaintiffs

v.

PALOMAR MEDICAL TECHNOLOGIES, INC.,
Defendant

**ORDER ON
PLAINTIFFS' MOTIONS TO COMPEL (2)**
*(Docket #s 1 & 4)*

ALEXANDER, M.J.

This case comes before this Court for the limited purpose of ruling on two essentially identical motions to compel non-party physicians to produce documents allegedly relevant to an underlying patent infringement case currently pending in the Eastern District of Texas. The subpoena's seek documents from Drs. Khalil Khatri and Dianne Quibell concerning, at their base, these physicians' use of certain products manufactured by defendant Palomar Medical Technologies, Inc. ("Palomar") to treat wrinkles in human skin (the "Accused Products").

The underlying litigation involves three patents for the treatment of wrinkles in the skin using radiation. Plaintiffs assert, *inter alia*, that Palomar induced, and continues to induce, physicians and others to use the Accused Products in a manner the

infringes the method claims of the Plaintiffs' patents. Thus, according to Plaintiffs, because the inducement inquiry ultimately requires analysis of how physicians operate the Accused Products, those physicians' records related to such uses are directly relevant to the pending litigation and there is no other source from which Plaintiffs can obtain these records.

As to both Dr. Khatri and Dr. Quibell, their memoranda in opposition, as well as counsel's representation during the February 25, 2008 hearing, provide that the following categories are, essentially, resolved:

| | |
|---|---|
| Category No. 1: | Neither physician has such documents in their possession, custody or control. |
| Category Nos. 3 & 10: | Each will produce communications concerning use of the Accused Products the do not involve culling through patient records. |
| Category No. 8: | Each will produce the requested documents in their possession, custody, or control to the extent they concern the Accused Products. |

The Categories of documents that are contested are 2, 4, 5, 6 & 9. The objections at the core of each and primary in this Court's decision are that production would be unduly burdensome to the physicians and would violate the privacy expectations of the physicians' patients.

The inquiry must start with the premise that there is a "strong federal policy in favor of protecting the privacy of patient medical records." Equal Employment

2

Opportunity Comm'n v. Boston Market Corp., 2004 U.S. Dist. LEXIS 27338 at *18 (E.D.N.Y. Dec. 16, 2004). Clearly, Plaintiffs' requests for information contained in the non-party physicians' files of their patients bring the privacy expectation of those patients to the forefront. As such, this Court must take extra care to protect the privacy rights of individuals who are not part of the litigation and who would not even have standing to challenge any portion of the litigation. See, e.g., Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1325 (Fed. Cir. 1990) (non-parties have no standing for redress).

Defendants raise several serious objections to this request. Each physician avers that to undertake the review of all patient files would place an enormous burden on their respective staff. There is no dispute that the objecting party bears the burden of establishing that compliance would be unduly burdensome. However, "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of the competing needs." Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998). While a legitimate point may be made that the physicians and their staff will, in reality, not be exclusively engaged in any culling of patient files, their lawyers will be, there can be no doubt as to the invasive nature of such a wholesale production on relatively small businesses that require discretion and privacy.

Further, while there is some evidence that these physicians use and even endorse Palomar products, there has been no allegation that they are in any way culpable for infringement and are certainly not part of the underlying litigation. As in Cusumano, Drs. Khatri and Quibell have no stake in the underlying litigation and were not involved in any transactions that would have led them to anticipate that they would be subpoenaed in this action. Id. at 717.

Defendants also informed this Court that on February 21, 2008, United States District Judge Lawrence M. McKenna, from the Southern District of New York, entered an order on the exact motion for a different non-party physician residing in New York. There, Judge McKenna DENIED the motion generally, specifically noting that "The documents sought . . . some of which plainly call for medical records of patients, are extensive, and, in the context revealed by the motion, the subpoena, to a non-party practicing physician is [sic] burdensome and oppressive." Judge McKenna allowed the production of any communications between the physician and Palomar in advance of the physician's deposition - concessions to which Defendants were also willing to agree in the instant case and, as proffered by counsel during the hearing, have already been completed.[1]

---

[1] On February 26, 2008, Plaintiffs informed this Court of a decision rendered by United States Magistrate Judge James E. Bradberry in the Eastern District of Virginia that allowed an identical motion "with conditions." Those conditions are

4

Accordingly, and after review of the papers and entertaining a hearing, this Court finds the recent decisions of Judges McKenna and Bradberry instructive. To that end, to the extent that Defendants have agreed to produce certain documents, and have not yet done so, they shall be produced. To the extent that Defendants aver that certain documents are not in the possession, custody or control of the physicians, they are held to that statement. To the extent that Plaintiffs seek medical records of patients, that request is DENIED. This Court agrees that sufficient information can be gathered from oral questioning of Drs. Khatri and Quibell at their depositions about their use of the methods and apparatuses claimed to be infringed. The non-party physicians are, accordingly, each subject to a one-day deposition, lasting from 9:00 a.m. to 5:00 p.m. with one hour for lunch.

SO ORDERED.

*February 27, 2008*
Date

/s/ *Joyce London Alexander*
United States Magistrate Judge

---

unknown at this time, although that court did order the one-day deposition of the subject non-party physician.

5